IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

LOUIS ALAN MAIER,                                    Case No. 9:19-bk-05580

        Debtor(s)

_____/

ROBERT E. TARDIF JR., Trustee,

        Plaintiff,

v.                                                   Adv. Pro. No.

RENEE MAISTO,

        Defendants.

_____/

## COMPLAINT TO AVOID & RECOVER
## PREFERENCE PURSUANT TO 11 U.S.C. § 547(b)

The Plaintiff, ROBERT E. TARDIF JR., Trustee in the above-styled bankruptcy action, sues the Defendant and alleges as follows:

1. This is an adversary proceeding to avoid a preferential transfer pursuant to 11 U.S.C. § 547(b).

2. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(E) and (F) and 11 U.S.C. § 548(b).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and Rule 7008(a), Federal Rules of Bankruptcy Procedure.

4. On June 12, 2019, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

5.      The Plaintiff is the Chapter 7 Bankruptcy Trustee appointed to administer the Debtor's bankruptcy case.

6.      On December 9, 2008, the Debtor purchased real property located at 4315 S.W. 25th Place, Cape Coral, Florida (hereinafter "the Real Property"), and legally described as follows: Lots 18 and 19, Block 4951, Unit 73, Cape Coral, according to the plate thereof recorded in Plat Book 23, Page 40.

7.      On August 7, 2018, the Debtor transferred title to the Real Property to the Defendant, who is the Debtor's daughter and, therefore, an insider pursuant to 11 U.S.C. § 547(b)(4)(B) of the Bankruptcy Code.

8.      The recorded deed reflects that the consideration for the transfer was $160,000.00. Upon information and belief, the Defendant did not pay the Debtor $160,000.00. Rather is was a lesser amount and the Defendant did not pay any money at the time of the actual transfer of the Real Property.

9.      On January 30, 2019, the Defendant transferred title to the Real Property back to the Debtor.

10.     On February 27, 2019, a mortgage was recorded against the Real Property in favor of the Defendant purportedly securing the repayment of $120,000.00. The mortgage is recorded as Instrument No. 2019000046167 in the public records of Lee County, Florida.

11.     Although the above-referenced mortgage was recorded at the end of February 2019, the promissory note and mortgage appear to have been signed on December 18, 2018.

12.    In his Schedule C in the general bankruptcy case the Debtor claimed the Real Property exempt as his homestead under Florida law.

13.    The Trustee has filed an Objection to the Debtor's Claim of Exemption, including his claimed exemption of the Real Property as his homestead under Florida law.

14.    The Debtor's homestead exemption is capped pursuant to Section 522(d)(1). In the event the Debtor is permitted to use Florida exemptions, the Debtor's homestead exemption is capped pursuant to Section 522(p).

15.    Any and all equity in the Real Property above the amount of any applicable cap is property of the bankruptcy estate.

16.    The recording of the above-referenced mortgage against the Real Property constitutes a transfer of an interest in property of the Debtor.

17.    The transfer of an interest in the Real Property to the Defendant was on account of an antecedent debt owed by the Debtor to the Defendant before such transfer was made.

18.    At the time the Debtor transferred an interest in the Real Property to the Defendant the Debtor was insolvent.

19.    The transfer of the interest in the Real Property to the Defendant enabled the Defendant to receive more than the Defendant would receive in this Chapter 7 proceeding and if the transfer had not been made.

WHEREFORE the Plaintiff demands entry of a final judgment against the Defendant for the following relief:

a.    declaring that the recording of the above-referenced mortgage represents a preferential transfer;

b.     avoiding the Defendant's mortgage recorded as Instrument No. 20190000461767 with respect to the Real Property;

c.     ordering such other further relief that is appropriate.

ROBERT E. TARDIF JR., P.A.
Attorneys for Trustee
1601 Jackson Street Suite 105
Fort Myers, FL 33901
Telephone: (239) 362-2755
Facsimile: (239) 362-2756

By: __/s/ Robert E. Tardif Jr.__
    Robert E. Tardif Jr.
    Florida Bar No. 818704